IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00274-FDW

| | |
|---|---|
| MICHAEL ANTHONY SORBELLO, | ) |
| Plaintiff, | ) |
| v. | ) |
| HAYWOOD COUNTY MUNICIPALITY; CHARLIE COOK, Public Defender, Individually and in his Official Capacity; M.A. MCABEE, Deputy Sheriff with the Haywood County Sheriff's Office, Individually and in his Official Capacity; ROB SKIVER, Police Officer with the Waynesville Police Department, Individually and in his Official Capacity; N.C. STATE CRIME LABORATORY; Department of Justice, Western; G. BAXTER, Examiner with the N.C. State Crime Laboratory, Individually and in his Official Capacity, | ) **ORDER** |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(b)(1).

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who was convicted on December 19, 2013, following his guilty plea in Haywood County Superior Court to two counts of selling a controlled substance and one count of trafficking in opium or heroin. In exchange for Plaintiff's plea, the State agreed to dismiss several other pending felony charges. (1:16-cv-00274, Doc. No. 1-1: Transcript of Plea at 21-22). According to the website of the North Carolina Department of Public Safety, Plaintiff is presently confined in the Greene

1

Correctional Institution with a projected release date of September 14, 2019.

In March 2015, Plaintiff filed a motion for appropriate relief (MAR) in the Haywood County Superior Court raising challenges to his indictments, a claim that the State breached his plea agreement, ineffective assistance of counsel, and a contention that he was eligible for advanced supervised release. In a detailed order entered on March 25, 2015, the superior court rejected each of Plaintiff's claims. (Id. at 10). On July 6, 2015, Plaintiff's petition for a writ of certiorari to review the denial of his MAR was denied by the North Carolina Court of Appeals.[1]

## II. DISCUSSION

Through his § 1983 complaint, Plaintiff challenges the legality of his State prosecution and present confinement contending that his Federal Constitutional rights were violated and he raises a claim for monetary damages. (Id. at 14-15).

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983</u>. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment

---

[1] See Sorbello v. State, P15-463 (N.C. Ct. App. 2015). The Court takes judicial notice of the record which may be accessed on the North Carolina Court of Appeals Electronic Filing Site. See Witthohn v. Fed. Ins. Co., et al., 164 F. App'x 395, 396-97 (4th Cir. 2006) (unpublished) (citing cases).

against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, a judgment in Plaintiff's favor would necessarily require that the Court declare that Plaintiff's criminal judgments were obtained following an improper prosecution and conviction. Thus, under Heck, Plaintiff cannot bring his current claims unless he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. It is undisputed that Plaintiff's convictions are still valid. Thus, this action must be dismissed as barred by Heck.

Finally, the Court notes that Plaintiff's effort to challenge his State convictions and present incarceration is a challenge that falls squarely under the federal habeas statute as codified in 28 U.S.C. § 2254. As noted, the North Carolina Court of Appeals denied Plaintiff's petition for a writ of certiorari on July 6, 2015, and Plaintiff contends he signed the § 1983 complaint on August 8, 2016.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Plaintiff may file a habeas action in federal court although the Court cautions that the petition must be filed within one year from the date his State judgment became final. It does not appear that Plaintiff appealed following the entry of his criminal judgment which occurred on December 19, 2013, and according to the superior court's order denying Plaintiff's motion for appropriate relief, Plaintiff did not challenge his December 2013 judgment until March 2, 2015. Therefore, it would appear that a § 2254 petition would be untimely. However, should Plaintiff elect to file a § 2254 petition he should address why his petition is timely, and if not timely, why he should be entitled to equitable tolling of the one-year limitation period under Section 2244(d).

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED**. (Doc. No. 2).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: August 22, 2016

Frank D. Whitney
Chief United States District Judge